# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| V. | ) | Cr. ID No. 1007011756 |
| | ) | |
| DAMICHAEL L. ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: October 3, 2016
Decided: December 22, 2016

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Martin O'Connor, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Damichael L. Allen, James T. Vaughn Correctional Center, Wilmington, Delaware, *pro se*.

**MAYER,** Commissioner

This 22nd day of December, 2016, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. Damichael Allen was indicted on January 18, 2011 on the charges of Burglary First Degree, Robbery First Degree, Rape First Degree, and Possession of a Firearm During the Commission of a Felony. Defendant later entered into a Plea Agreement and pled guilty to Rape First Degree and Burglary First Degree and the remaining charges were dismissed.

2. On September 20, 2011,[1] Defendant signed a Truth-in-Sentencing Form acknowledging that he was freely and voluntarily pleading guilty to the charges listed in the plea agreement, that he had not been promised anything that was not stated in the written plea agreement, and that no one threatened or forced him to enter the plea. Defendant also acknowledged that by pleading guilty he was waiving the right to file an appeal to the Delaware Supreme Court with the assistance of a lawyer. Further, Defendant acknowledged that the sentence for the Burglary charge could be 4-20 years at Level 5, with 4 years mandatory, and for the Rape charge the sentence could be 15 years to life with 15 years as the mandatory minimum. No sentencing recommendation was made by the State of Delaware in the agreement.

---

[1] Although signed on September 20, 2011, it was filed on September 27, 2011.

3.     On December 15, 2011, Defendant was sentenced on the Burglary charge to 6 years, suspended after 4 years for 2 years at Level 4, suspended after 6 months for 18 months at Level 3.   With respect to the Rape charge, Defendant received 30 years at Level 5, suspended after 20 years for 5 years at level 4, suspended after 6 months for 1 year at level 3.

4.     Defendant filed this Motion for Postconviction Relief on October 3, 2016. Defendant argues that (i) his counsel advised him that by accepting the plea, the charges would be dropped to a lesser charge; and (ii) counsel was ineffective for failing to file a motion to challenge his sentence and appeal.

**DEFENDANT'S RULE 61 MOTION**

5.     The Court must first determine whether there are any procedural bars to the motion before considering the merits.[2]   Having reviewed the Motion it is evident that the Defendant's Motion is procedurally barred and may be summarily dismissed as untimely.

6.     Superior Court Criminal Rule 61(i)(1) imposes the condition that a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final.   Defendant pled guilty on September 27, 2011, and was sentenced on December 15, 2011.   Defendant did not file a direct appeal and

---

[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

therefore his judgment of conviction became final on January 14, 2012.[3] The present motion was filed more than four (4) years after the Defendant's judgment became final. Therefore, the motion was filed outside the applicable time limit and Defendant's claims, at this late date, are time-barred.[4]

7.     The procedural bar set forth above will not apply to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[5] Defendant has not raised the issue of lack of jurisdiction and the Motion does not satisfy the necessary pleading requirements. Pursuant to Rule 61(d)(2), a postconviction motion shall be summarily dismissed, unless the movant was convicted after a trial and the motion either (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral

---

[3] Pursuant to Superior Court Criminal Rule 61(m)(1), a judgment of conviction is final for the purpose of this rule within 30 days after the Superior Court imposes sentence if the defendant has not filed a direct appeal.

[4] *See State v. Lum*, 2007 WL 104145, at *3 (Del. Super. Mar. 22, 2007) (holding claims of ineffective assistance of counsel filed more than 16 years after conviction became final were procedurally barred); *State v. Marine*, 2015 WL 3429920 (Del. Super. May 13, 2015) (finding motion filed more than 9 years after sentencing was procedurally barred as untimely).

[5] Superior Court Criminal Rule 61(i)(5).

review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and render the conviction or death sentence invalid.

8.     Defendant pled guilty to the charges and has not asserted any new evidence or facts demonstrating any inference that he is innocent of the acts giving rise to the conviction.  Rather, Defendant appears to be challenging the sentence that was imposed, not the conviction.  Further, Defendant has not claimed that a new rule of constitutional law affects his conviction.  As such, Defendant has failed to meet the pleading requirements of Rule 61(d)(2)(i)-(ii) and has not presented any argument to justify relief from the procedural bars.

9.     Finally, even if considered on the merits, Defendant's claims fail.  When reviewing a claim of ineffective assistance of counsel, in order for Defendant's motion to succeed, he must prove that (i) counsel's representation fell below an objective standard of reasonableness; and (ii) the error was so prejudicial that Defendant would not have pled guilty and would have insisted on going to trial.[6] Defendant must show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.[7]  Defendant must overcome a strong presumption that counsel's

---

[6] *State v. Kashner*, 2016 WL 354999, at *1 (Del. Super., Jan. 27, 2016); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[7] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012).

conduct was reasonably professional under the circumstances.[8]  Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[9]  Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[10]

10.    Defendant has failed to point to any agreement with the State for a lesser charge or sentence and nothing appears in the record to support this claim. According to the Truth-in-Sentencing Form, Plea Agreement and plea colloquy at the hearing, no promises were made to the Defendant with respect to sentencing. By accepting the State's plea offer, Defendant avoided a trial that involved four felony charges and the possibility of a mandatory minimum incarceration of 23 years and a possibility of 70 years or life.  If Defendant had gone to trial, the convictions and sentence could have been significantly more severe than what he received at sentencing.  Based on the facts and circumstances in this case, Defendant received a substantial benefit from the plea agreement and the record reflects that Defendant entered into it knowingly, voluntarily and intelligently.  As such, the Motion does not meet the requirements for post-conviction relief.

---

[8] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[9] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[10] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be summarily dismissed.

**IT IS SO RECOMMENDED.**

_____/s/ **Katharine L. Mayer**_____
Commissioner Katharine L. Mayer


oc:   Prothonotary
cc:   Martin O'Connor, Esquire
       Damichael L. Allen